UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case No.: 3:21cr63-MCR

MICHAEL J. GIVEN.
_____/

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, Michael J. Given, submits the following proposed jury instructions. Where a proposed instruction would match a Preliminary Instruction ("PI"), Basic Instruction ("BI"), Cautionary Instruction ("TI"), Special Instruction ("SI"), or Offense Instruction ("OI") of the Eleventh Circuit Pattern Jury Instructions (Criminal Cases)[1], it will be listed by the corresponding number and title, and the full text will not be reproduced herein. Defendant's proposed jury instructions include:

1. PI 1 (Preliminary Instructions – Criminal Cases)

2. BI 1 (Face Page – Introduction)

3. BI 2.1 (The Duty to Follow Instructions and the Presumption of Innocence)

---

[1] Except as otherwise noted, all proposed instructions are from the current Eleventh Circuit Criminal Pattern Jury Instructions (last revised in March 2022).

4. BI 2.2 (The Duty to Follow Instructions and the Presumption of Innocence When a Defendant Does Not Testify) [*if applicable depending on whether Defendant testifies*]

5. BI 3 (Definition of "Reasonable Doubt")

6. BI 4 (Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court)

7. BI 5 (Credibility of Witnesses)

8. BI 6.1 or 6.3 (Impeachment of Witnesses Because of Inconsistent Statements) [*as applicable*]

9. BI 7 (Expert Witnesses)

10. SI 4.1 (Similar Acts Evidence) [*if applicable to facts presented at trial*]

11. TI 1.1 (Cautionary Instruction; Similar Acts Evidence) [*if applicable to facts presented at trial*]

12. BI 8 (Introduction to Offense Instructions)

13. Special Instruction Regarding Offense[2]:

---

[2] These Special Instructions are based upon the instructions given by this Court in the matter of *United States v. Bourlier*, Case No. 3:10-cr-30-MCR-EMT (Doc. No. 279).

At this time, I will explain the indictment, which charges 33 separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations. Please remember, as I have already told you, that the indictment is not part of the evidence in this case. It is merely an accusation, and you must not draw any inferences of guilt from it.

As you have heard during the trial, Dr. Michael Given, the Defendant, is a medical doctor who obtained his license to practice in the state of Florida in approximately 1990. Between at least 2016 and 2018, Dr. Michael Given worked for the Ascension Sacred Heart Hospital medical system as a medical doctor.

Dr. Given is charged in the indictment with 33 federal offenses, or what we call counts, involving allegations of illegally prescribing narcotic medications and causing those medications to be dispensed to patients.

The 33 counts charge the Dr. Given with knowingly and intentionally distributing, dispensing or causing to be distributed or dispensed controlled substances, specifically, clonazepam, hydrocodone, oxycodone, diazepam, tramadol, amphetamine, alprazolam, hydromorphone, morphine sulphate, temazepam, and pregabalin not for legitimate medical purposes in the usual course

of professional medical practice but beyond the bounds of professional medical practice.

Dr. Given is not charged with medical malpractice or negligence, neither of which are crimes; rather, he is charged with the criminal offense of knowingly and intentionally dispensing, or causing to be dispensed, controlled substances to his patients not for a legitimate medical purpose outside the usual course of professional medical practice in violation of the Federal Controlled Substances Act.

Title 21, United States Code, Section 841(a)(1), which is the Controlled Substances Act, makes it a Federal crime or offense for anyone to unlawfully dispense a controlled substance.

The following substances are "controlled substances" within the meaning of the law: clonazepam, hydrocodone, oxycodone, diazepam, tramadol, amphetamine, alprazolam, hydromorphone, morphine sulphate, temazepam, and pregabalin.

To "dispense" means to deliver a controlled substance to an ultimate user by, or pursuant to, a lawful order of a practitioner, including the prescribing and administering of the controlled substance and the packaging, labeling, or compounding necessary to prepare the substance for delivery. The term "dispenser" means a practitioner who so delivers a controlled substance to an

ultimate user. The term "practitioner" means a physician, pharmacist, or other person licensed, registered, or otherwise permitted by the United States or the jurisdiction in which he or she practices to distribute or dispense, or cause to be distributed or dispensed, controlled substances in the course of professional practice.

The law provides that persons registered by the Attorney General, under Title 21, to manufacture, distribute, or dispense controlled substances are authorized to possess, manufacture, distribute or dispense such substances to the extent authorized by their registration. A medical doctor or physician is exempt from the prohibitions of Section 841 when he issues a prescription for a legitimate medical purpose within the usual course of professional practice.

Thus, the Defendant, who is a licensed medical doctor, can be found guilty of each offense charged pursuant to Section 841 only if the Government has proven all of the following beyond a reasonable doubt:

<u>First</u>: That the Defendant dispensed or caused to dispensed the controlled substance as charged; and

<u>Second</u>: That at the time of the dispensing, the Defendant knew or intended that his conduct was not for a legitimate medical purpose in the usual course of professional practice.[3]

A controlled substance is prescribed by a physician in the usual course of professional practice and, therefore, lawfully, if the substance is prescribed by him in good faith as part of his medical treatment for the patient in accordance with the standards of medical practice generally recognized and accepted in the United States.

Good faith is a complete defense to the charges in Counts 1 through 33 of the indictment since good faith on the part of the Defendant is inconsistent with the essential element of knowledge or intent to issue a prescription not for a legitimate medical purpose.

Good faith means good intentions and the honest exercise of professional judgment as to a patient's medical needs. It is an honest effort on the physician's part to prescribe controlled substances in compliance with an accepted standard of medical practice. A doctor who knowingly issues a prescription not for a legitimate

---

[3] *Ruan v. United States*, 597 U.S. \_\_\_\_, Nos. 20-1410 and 21-5261 (2022). *See also United States v. Bourlier*, Case No. 3:10-cr-30/MCR, Doc. No. 279 (attached to Government's proposed instructions as Exhibit 2).

medical purpose in the usual course of professional practice does not act in good faith.

In order to determine whether or not a prescription or prescriptions were issued by the Defendant in good faith for a legitimate medical purpose in the usual course of a professional practice, you may consider all of the evidence admitted at trial, including, but not limited to, the circumstances surrounding the prescribing of the substance in question, the statements of the parties to the prescription transactions, any expert testimony as to what is the usual course of medical practice, and any other competent evidence bearing on the purpose for which the substances in question were prescribed.

You may also consider certain prescribing practices that the Government suggests were done in violation of civil DEA regulations. A violation of a civil DEA regulation standing alone does not constitute a *per se* violation of the Controlled Substances Act. Rather, it is one factor that you may consider in conjunction with other factors, if any exist, when deciding whether a prescription was issued by the Defendant in good faith for a legitimate medical purpose in the usual course of a professional practice. This means that the violation of a civil DEA regulation by itself does not constitute a crime.[4]

---

[4] *See United States v. Joseph*, 709 F.3d 1082, 1104 (11th Cir. 2013).

I caution you that the Defendant is not on trial in this case for medical malpractice or negligence, neither of which constitutes a crime. In other words, the Defendant cannot be found guilty based *solely* on your finding that he failed to exercise reasonable medical care on behalf of his patients by his prescription practices, that he acted outside the standard of care, or even if you believe he is a bad doctor. Instead, in order to find the Defendant guilty, you must find that at the time he issued a prescription, he did so with knowledge and intent that it was not being issued for a legitimate medical purpose in the usual course of his professional practice.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

21. BI 10.4 (Caution: Punishment (Multiple Defendants; Multiple Counts))

22. SI 5 (Note-taking)

23. BI 11 (Duty to Deliberate)

24. BI 12 (Verdict)

/s/    *David L. McGee*
DAVID L. McGEE
FL. Bar No.:  220000
dlm@beggslane.com
MATTHEW P. MASSEY
FL. Bar No.:  1008332
mpm@beggslane.com
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL  32502
(850) 432-2451
Attorneys for Michael J. Given

## CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been filed via CM/ECF for electronic distribution to the counsel of record in this action on July 13, 2022.

/s/  *David L. McGEe*
DAVID L. McGEE
FL. Bar No.:  220000
dlm@beggslane.com
MATTHEW P. MASSEY
FL. Bar No.:  1008332
mpm@beggslane.com
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL  32502
(850) 432-2451
Attorneys for Michael J. Given