UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSCAOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       CASE NO. 3:21cr63-MCR

MICHAEL J. GIVEN,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Michael J. Given's (Dr. Given) Motion in Limine to Exclude Other Crimes Evidence the Government intends to introduce at trial (ECF No. 34), primarily previous prescribing practices. The Government opposes the motion. *See* ECF No. 37.

The evidence Dr. Given seeks to exclude includes the following: his general prescribing practices for controlled substances between March 2013 and June 2018; specific instances in which he followed that general practice, including with regard to the prescriptions identified in the Superseding Indictment, as well as prescriptions issued to other patients, on other dates, and/or for other controlled substances; his practice of issuing pre-signed Suboxone prescriptions for substance abuse patients, which were distributed by mid-level practitioners in his absence without examining the patients; a complaint the Florida Department of Health filed against him based

on his prescribing practices, which resulted in him entering into a settlement agreement in which he acknowledged the practices were unlawful and agreed to pay a fine and obtain continuing medical education on risk management, none of which he disclosed to Ascension/Sacred Heart Medical Group (Sacred Heart), with which he was affiliated at the time; and his violation of unspecified federal and state laws and regulations, as well as Sacred Heart's internal policies, governing the prescribing of controlled substances. *See* ECF No. 34. Dr. Given argues that the evidence pertains to criminal conduct that occurred prior to the conduct charged in the Superseding Indictment and/or is materially dissimilar to the charged conduct and thus should be excluded pursuant to Fed. R. Crim. P. 404(b)(1) as improper character and bad acts evidence and also as irrelevant and unfairly prejudicial. The Government maintains that the evidence is admissible as conduct explicitly charged in the Superseding Indictment or otherwise inextricably intertwined with the conduct charged or is alternatively admissible, pursuant to Rule 404(b)(2), to prove knowledge, intent, and/or lack of mistake. *See* ECF No. 37.

A Superseding Indictment charged Dr. Given with 33 Counts of unlawfully dispensing controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(2), and 841(b)(3), provisions of the Controlled Substances Act (CSA). *See* ECF No. 27. The CSA charges are based on Dr. Given's alleged

Case No. 3:21cr63-MCR

Page 3 of 7

violation of 21 C.F.R. § 1306.05(a), a civil regulation that requires doctors to date and sign prescriptions when issued.[1]  According to the Superseding Indictment, Dr. Given allowed non-physician providers in his practice, including physician assistants, to deliver thirty-three prescriptions for controlled substances to patients in his absence, which he issued and signed without examining the patients.

The Court concludes that the evidence Dr. Given seeks to exclude is intrinsic to the charged offenses.  Evidence is not excluded under Rule 404(b) when it (1) pertains to an uncharged offense that arose out of the same transaction or series of transactions as the offenses charged, (2) is necessary to complete the story of the crime, or (3) is inextricably intertwined with the evidence regarding the charged offenses.  *See United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and

---

[1] Pursuant to 21 C.F.R. § 1306.04(a), "[a] prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."  The regulations also provide that "[a]ll prescriptions for controlled substances shall be dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address and registration number of the practitioner."  21 C.F.R. § 1306.05(a).  Title 21 U.S.C. § 841(a)(1) makes it a federal crime "for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance" except as authorized by statute.

Case No. 3:21cr63-MCR

natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *Id.* (internal marks omitted). "And evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *Id.* (internal marks omitted). Of course, in order to be admitted, such evidence must also satisfy the requirements of Rule 403.[2]  *Id.*

The evidence Dr. Given seeks to exclude—evidence pertaining to his former prescribing practices and the administrative action against him based on those practices—is inextricably intertwined with evidence regarding the offenses charged in the Superseding Indictment. Indeed, the evidence shows the manner in which Dr. Given's improper prescribing practices evolved into the conduct for which he was indicted, including changes that occurred after the Department of Health filed the administrative action against him, resulting in Dr. Given acknowledging the

---

[2] Pursuant to Rule Fed. R. Civ. P. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As the Eleventh Circuit has observed, "Rule 403 is an extraordinary remedy[,] which should be used only sparingly[,] and the balance should be struck in favor of admissibility." *Edouard*, 485 F.3d at 1344 n.8 (internal marks omitted). Thus, in reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.* (internal marks omitted).

Case No. 3:21cr63-MCR

illegality of the conduct of which he was accused and agreeing to obtain continuing medical education on risk management, which continued to include issuing unauthorized prescriptions. The relevance of this evidence was recently confirmed by the Supreme Court's opinion in *Ruan v. United States*, No. 20-1410, 2022 WL 2295024 (U.S. June 27, 2022), which significantly altered the Government's burden of proof in criminal prosecutions of physicians under the CSA by imposing a *mens rea* element and requiring the Government to prove that the defendant knowingly acted in an unauthorized manner. The evidence will not be unfairly prejudicial so long as the uncharged conduct is not so extensive as to amount to "overkill" or guilt by association on counts that are insufficiently supported by evidence. *See United States v. Tran Trong Cuong*, 18 F.3d 1132, 1142 (4th Cir. 1994). That determination will need to be made in context at trial, but there is no reason to exclude the evidence at this time.

Alternatively, the evidence is admissible under Rule 404(b)(2) to show Dr. Given's knowledge, intent, and/or absence of mistake. "For evidence of other crimes or acts to be admissible under Rule 404(b), (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially

outweighed by undue prejudice, and the evidence must satisfy Rule 403." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). Although not admissible to show a defendant's character and action in conformity therewith, evidence of other crimes, wrongs, or acts may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id.* The Eleventh Circuit has characterized Rule 404(b) as a rule of inclusion, noting "[t]he list provided by the rule is not exhaustive and the range of relevancy outside the ban is almost infinite," *United States v. Culver*, 598 F.3d 740, 748 (11th Cir. 2010) (internal marks omitted), and it has held that "404(b) evidence, like other relevant evidence, should not be excluded when it is central to the prosecution's case." *United States v. Eckhardt*, 466 F.3d 938, 946 (11th Cir. 2006).

Although the evidence Dr. Given seeks to exclude involves conduct that is not identical to that charged in the Superseding Indictment, it shows Dr. Given's prior knowledge regarding his improper prescribing practices and thus arguably his intent and lack of mistake with regard to the unlawful prescribing practices charged in the Superseding Indictment. Again, the evidence shows not only that the Department of Health filed an administrative complaint against Dr. Given based on improper prescribing practices, but it also shows that in connection with resolving that matter,

Case No. 3:21cr63-MCR

Dr. Given acknowledged that the conduct with which he was charged was illegal and he agreed to obtain continuing medical education on risk management. Moreover, during that time, Dr. Given was bound by Sacred Heart's internal policies and procedures, which required, among other things, that he delay or refer to a covering physician any refill requests for narcotic and analgesic medication while he was out of the office. The indictment alleges that Dr. Given failed to do so, opting instead to have his staff dispense such prescriptions in his absence. The evidence Dr. Given seeks to exclude thus is plainly relevant to show knowledge, intent, and/or absence of mistake. Of course, the Government will be required to demonstrate sufficient proof to permit the jury to find that Dr. Given engaged in the uncharged conduct. And, again, whether the probative value of the evidence is outweighed by the danger of unfair prejudice is a determination the Court will have to make at trial. At this stage, however, there is no reason to exclude the evidence.

Accordingly, Defendant's Motion in Limine to Exclude Other Crimes Evidence (ECF No. 34) is **DENIED**.

**DONE AND ORDERED** this 13th day of July 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:21cr63-MCR